## PATRICK B. MURPHY *vs.* PEOPLE'S EQUITABLE MUTUAL FIRE INSURANCE COMPANY.

It the plaintiff in an action on a policy of insurance voluntarily files a replication, which simply alleges that the defendants have waived the objections stated in the answer, he thereby admits the truth of the facts therein contained.

If an application for insurance is expressly made a part of a policy, an answer in the application falsely denying the existence of incumbrances on the property to be insured will avoid the policy.

A vote by directors of a mutual insurance company, authorizing one of their number and their treasurer to settle a loss, and partial payments actually made by the treasurer upon trustee processes in which the company were summoned as trustees of the assured, and statements by different officers of the company to the assured that his claim ought to be paid, will not estop the company from defending an action upon the policy, on the ground of misrepresentations in the application for insurance, if it does not appear that the assured has changed his position in reference to his claim, in consequence of these acts and declarations.

CONTRACT upon a policy of insurance dated September 23, 1854, issued by the defendants upon the plaintiff's dwelling-house and furniture in Taunton. The policy contained an express provision, making the application a part thereof; and in reply to a question in the application, if the property was incumbered, the answer was, " No." The answer to the declaration alleged that in fact the property was subject to a mortgage for about four hundred dollars ; and the plaintiff voluntarily filed a replication that the defendants had .waived this objection, and were estopped to deny their liability.

At the trial in the superior court, before *Ames*, J., the plaintiff, after proving his loss, testified that at one time the president of the company told him that the company had appointed two of the directors to settle his claim ; and that one of the directors told him that his claim ought to be paid. The plaintiff also called the treasurer of the company, who testified that the records showed that the directors, at a meeting, authorized himself and one of their number " to settle the claim of Patrick B. Murphy ;" and that two actions had been brought against Murphy by his creditors, in which the company were summoned as his trustees, in each of which the witness paid small sums to the

creditor's attorney, and entries were made by a clerk upon the company's books, showing that these sums were paid upon the Murphy loss.

The defendants introduced no evidence, and the judge directed a verdict in their favor, which was accordingly rendered; and he reported the case to this court.

*S. R. Townsend,* for the plaintiff.

*C. I. Reed & J. E. Sanford,* for the defendants.

DEWEY, J. 1. The defendants in their answer allege, as a ground of defence to the action, that the plaintiff in his application for insurance, in answer to an inquiry if the property was incumbered, answered that it was not; when in fact it was subject to a mortgage for four hundred dollars. To this answer the plaintiff voluntarily filed a replication to the effect that the defendants had waived this objection to the validity of the policy. The question is raised whether the defendants should have been required to prove the allegations set up in the answer by way of avoidance of their liability. On the part of the defendants it is contended that the facts stated in the answer, and not denied by the replication, should be deemed to be admitted. This, as it seems to us, is the proper construction to be given to Gen. Sts. *c.* 129, §§ 23, 27, 28. Irrespective of the replication, and if the plaintiff had gone to trial without filing it, the matter thus set up in the answer in avoidance of the action would have been deemed to be denied by the plaintiff, and would have been required to be proved by the defendants. But a plaintiff may be required by order of court to file a replication, and to state therein whether he admits or denies the truth of the facts alleged in the answer. A plaintiff is also at liberty, if he voluntarily elects so to do, to file a replication without any order of court. This was done in the present case. The plaintiff, instead of denying the facts alleged in the answer, voluntarily replied and said that the defendants by their acts and admissions had waived the objections they now seek to avail themselves of in avoidance of this action, and by their acts and admissions were estopped to deny their liability for the loss. The issue here presented is, whether the defendants are precluded by a waiver or

estoppel from setting up in defence the false answer of the plaintiff made in his application for insurance. The fact of such false representation in the application was a substantive fact, alleged with substantial precision, and, not being denied by the replication, must, under Gen. Sts. *c.* 129, § 27, be deemed to be admitted. In the opinion of the court, the effect of this replication was to admit the truth of the allegations in avoidance of the action made in the answer, and no further proof was required of the facts set forth therein.

2. The facts thus stated in the answer and admitted in the replication constitute a good defence to the action, unless the defendants are estopped from setting up the same, or have waived their right to make such defence. The question was direct, and the answer equally so, and false. The effect was to render the policy void.

3. The remaining inquiry is, whether the various acts of the president and directors of the company referred to constitute a waiver and estoppel, and thereby prevent the company from setting up this defence. In the opinion of the court, they are not of such a character as to estop the defendants from showing that this policy was void by reason of the false representation of the plaintiff. These acts may indicate a purpose on the part of the officers of the company to settle this claim upon such terms as they thought reasonable, and to make some allowance to the plaintiff on account of the loss. But nothing binding was authoritatively done. The mere purpose to make payment, if it existed, until it became an obligation to pay founded upon some sufficient consideration, would not entitle the plaintiff to recover. Whatever may have been the first impressions and purposes of the officers of the company, if they were not carried into effect, the defendants had the right to set up this substantial defence in avoidance of the policy. We do not see that the plaintiff has ever forborne any rights or in any manner changed his relation to this claim by reason of the alleged acts of the officers. The views of this court have been often expressed against the authority of officers of a mutual insurance company to waive the by-laws and provisions adopted by the

company for its protection. *Mulrey* v. *Shawmut Ins. Co.* 4 Allen, 118, and cases cited.

Upon the case reported, the court are of opinion that judgment should be entered on the verdict for the defendants.